IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| WENDELL W. WARD, (TDCJ-CID #1608249) Petitioner, VS. LORIE DAVIS, Respondent. | CIVIL ACTION NO. V-18-0077 |

**MEMORANDUM AND OPINION**

The petitioner, Wendell W. Ward, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging three state-court convictions for aggravated assault, injury to a child, and violation of a protective order. The threshold issue is whether this petition was filed after the limitations period had expired.

Ward pleaded guilty to aggravated assault, injury to a child, and violation of a protective order in the 195th Judicial District Court of Dallas County, Texas, and on November 5, 2009, the court sentenced him to five years imprisonment for the violation of a protective order. (Cause Number F-03-73972-N). Ward received fifteen years for the aggravated assault. (Cause Number F-04-71690-N). He received fifteen years for the injury to a child. (Cause Number F-04-71691-N). Ward did not appeal his convictions. *See* Texas Judiciary Website, http://www.search.txcourts.gov. Ward filed an application for state habeas corpus relief on February 28, 2018, which the Texas Court of Criminal Appeals denied without written order on May 23, 2018.

On August 22, 2018, this Court received Ward's federal petition. Ward contends that his convictions are void because of fundamental trial court error.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), set a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

A district court may raise the time limit on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). In an order entered on October 26, 2018, this Court directed Ward to file a written statement by November 26, 2018, showing why this Court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). Ward has complied.

Under this statute, the limitations period begins to run from "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Id.* § 2244(d)(1)(A). Ward's conviction became final when the time expired for filing an appeal in the Texas Court of Appeals. *See* Tex. R. App. P. 26.2 (formerly Tex. R. App. P. 41(b)(1)). The court convicted Ward on November 5, 2009. Ward's judgment became final when the time expired for filing an appeal in the Texas Court of Appeals, on December 5, 2009. The one-year limitations period ended on December 5, 2010. Ward did not file this federal petition until August 22, 2018.

A properly filed application for state postconviction relief may extend the limitations period. 28 U.S.C. § 2244(d)(2) (West 1997). Ward's state habeas application did not extend the December 5, 2010 deadline. Ward's federal § 2254 claims are time-barred unless he can show that a statutory or equitable exception applies.

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 810-11 (5th Cir. 1998); *Felder v. Johnson,* 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied,* 531 U.S. 1035 (2000). "'The

doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

Ward may argue that he was proceeding pro se and that he lacked the requisite knowledge to file a federal petition. Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715 n.14 (5th Cir. 1999).

Ward does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Ward from filing an application for federal habeas relief before the end of the limitations period. 28 U.S.C. § 2244(d)(1)(B). Ward's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Ward's claims relate to his sentencing on November 5, 2009. Ward has not shown that he did not know of the factual predicate of his claims earlier. 28 U.S.C. § 2244(d)(1)(D).

Ward's challenges to his 2009 convictions and sentences are DISMISSED as time-barred. This case is DISMISSED. Any remaining pending motions are DENIED as moot.

When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability will not issue unless the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). The record does not make this showing. This Court will not issue a certificate of appealability.

SIGNED at Victoria, Texas, on December 3, 2018.

_____
KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE